UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HERB REED ENTERPRISES, LLC,<br><br>               Plaintiff,<br>v.<br><br>THE WORLD FAMOUS PLATTERS ROAD SHOWS I LLC, EDDIE STOVALL, LAWRENCE LOCKARD, J.T. MARSHALL, YOLANDA FLETCHER, and ANDRE SHEPARD,<br><br>               Defendants. | CASE NO.: 8:14-cv-00056-T-17AEP |

## ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

UPON CONSIDERATION of the Plaintiff's Motion for Temporary Restraining Order, the supporting memorandum of law, the supporting declaration and evidence, the record in this case, and for other good cause shown, the Court hereby makes the following findings for the limited purpose of resolving the instant Motion:

1. In 1953, Herbert Reed founded and named the vocal group called "The Platters."

2. Through their recordings and original performances, Mr. Reed and the original members made The Platters famous and of major importance to the music industry. The Platters were inducted into the Rock & Roll Hall of Fame in 1990, the Vocal Group Hall of Fame in 1998, and the Grammy Hall of Fame in 1999 and 2002.

3. The marks "The Platters" and "Herb Reed and the Platters" designate to the public the musical entertainment services provided by Mr. Reed and the original members of The Platters.

4. Defendants are strangers to The Platters, have no affiliation with that group, and have admitted they are a tribute band.

5. Defendants nonetheless falsely represent their group to be The Platters or represent they are affiliated with The Platters.

6. Plaintiff has acquired rights in the marks "The Platters" from Mr. Reed. Plaintiff also owns the registered mark "Herb Reed and the Platters."

7. Mr. Reed's rights, and thus those of the Plaintiff, are superior to Defendants'.

8. There is a substantial likelihood that Defendants' actions and use of the mark "The Platters" without clarifying they are a tribute band improperly trade off of Plaintiff's goodwill, have caused, and will continue to cause, confusion in the marketplace, and otherwise interfere with Plaintiff's use of "The Platters" and "Herb Reed and the Platters" marks.

9. There is a substantial likelihood that Defendants' apparent unauthorized use of the mark "The Platters" in connection with their own vocal groups will create confusion among consumers with respect to musical entertainment services provided under that mark.

10. Plaintiff is currently suffering and will suffer irreparable injury to its reputation and goodwill unless it is granted temporary injunctive relief; Plaintiff's injury outweighs any harm which granting injunctive relief might cause the Defendants; Plaintiff is likely to succeed on the merits of its underlying trademark infringement claims; and the public interest will not be adversely affected by the granting of temporary injunctive relief.

11. The Court further finds based on the evidence presented, the likely irreparable harm to the Plaintiff is immediate, and thus a temporary restraining order should enter to maintain the status quo pending a further hearing.

12. This Order is being entered without prior notice to Defendants because the threatened injury is immediate and further delay could result in irreparable damage to Plaintiff.

13. Plaintiff shall immediately provide by email, facsimile, and regular mail a copy of this Order to Defendants or counsel for Defendants. The Court notes that no motion for a preliminary injunction has been filed in conjunction with the motion for temporary restraining order in this matter. Thus, the Court emphasizes that the injunctive relief granted in this Order will expire after fourteen days in accordance with Rule 65 of the Federal Rules of Civil Procedure.

14. This Order is conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond in the amount of **$2,500.00** no later than **4:00 p.m.** on **Friday, January 10, 2014**, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED:**

A. Defendants, their agents, servants, employees, successors, assigns, affiliates, joint venturers, and any and all other persons in active concert, in privity, or in participation with them are enjoined:

1. From use of the Platters Mark in connection with the performance scheduled for January 12, 2014, at the Elks Lodge in Englewood, Florida, or any other performance on or before January 24, 2014 at 2:00 p.m., including without limitation in any advertisements, promotional, marketing, or other materials, except as "A Tribute to The Platters" or "A Salute to the Platters" with all words in substantially equal font size.

2. From performing on January 12, 2014, unless a clarifying announcement is first posted prominently at the entrance to the venue, and an announcement is made immediately before the show, clarifying that Defendants are a tribute band and are not affiliated with the Rock & Roll Hall of Fame group The Platters.

B. This Temporary Restraining Order is effective immediately upon payment of the bond and will remain in effect through and including January 24, 2014, at 2:00 p.m., unless the Temporary Restraining Order is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

C. Plaintiff shall immediately provide a copy of this Temporary Restraining Order to Defendants as outlined above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>10th</u> day of January, 2014 at 2:00 p.m.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE