UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HERB REED ENTERPRISES, LLC<br><br>Plaintiff,<br><br>vs.<br><br>THE WORLD FAMOUS PLATTERS ROAD SHOWS I LLC, EDDIE STOVALL, LAWRENCE LOCKARD, J.T. MARSHALL, YOLANDA FLETCHER, and ANDRE SHEPARD,<br><br>Defendants | CASE NO. 8:14-cv-56-T-EAK-AEP |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

This cause of action is before the Court on the Plaintiff's motion for default judgment (Doc. 47). The Clerk of the Court entered Defaults against Defendants, The World Famous Platters Road Shows I LLC, Eddie Stovall, Lawrence Lockard, J.T. Marshall, and Andre Shepard, on March 18, 2014.[1] Plaintiff Herb Reed Enterprises, LLC, filed the motion for entry of default judgment against said Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure. The Defendants have not filed an objection to the motion for default judgment. This Court having now given due consideration to Plaintiff's application for such judgment as well as all papers, pleadings, and exhibits offered in support thereof, and evidence otherwise submitted to this Court in connection with its prior orders, the Court being further fully advised in the matter, it is therefore

---

[1] Defendants in this order do not include Yolanda Fletcher who was dismissed from this case without service being effected.

ORDERED, ADJUDGED and DECREED that Judgment be entered in favor of Plaintiff Herb Reed Enterprises, LLC, jointly and severally, against The World Famous Platters Road Shows I LLC, Eddie Stovall, Lawrence Lockard, J.T. Marshall, and Andre Shepard on Counts I – VII of Plaintiff's Complaint.

IT IS FURTHER ORDERED AND ADJUDGED that said Judgment shall include the following specific findings of fact and awarding of specific relief:

1. In 1953, Herbert Reed founded and named the vocal group called "The Platters."

2. Through their recordings and original performances, Mr. Reed and the original members made The Platters famous and of major importance to the music industry. The Platters were inducted into the Rock & Roll Hall of Fame in 1990, the Vocal Group Hall of Fame in 1998, and the Grammy Hall of Fame in 1999 and 2002.

3. Herb Reed registered the mark "Herb Reed and The Platters."

4. The marks "The Platters" and "Herb Reed and the Platters" (collectively, "The Platters Marks") designate to the public the musical entertainment services provided by Mr. Reed and the original members of The Platters.

5. Plaintiff has acquired rights in The Platters Marks from Mr. Reed.

6. Mr. Reed's rights in The Platters Marks, and thus those of the Plaintiff, are superior to those of the Defendants.

7. Defendants are strangers to The Platters, have no affiliation with that group, and have admitted they are a tribute band.

8. Defendants nonetheless falsely represent their group to be The Platters or represent they are affiliated with The Platters.

9. Defendants' actions and use of the mark "The Platters" without clarifying they are a tribute band improperly trade off of Plaintiff's goodwill, have caused, and will continue to cause, confusion in the marketplace, and otherwise interfere with Plaintiff's use of The Platters Marks.

10. As a result, Defendants have infringed, and continue to infringe, on Plaintiff's trademark rights under federal and state law, causing harm to the Plaintiff.

11. Defendants' unauthorized use of the famous mark "The Platters" in connection with their own vocal groups dilutes the value of the mark, causing harm to the Plaintiff.

12. Defendants' ads in which they represent themselves as "The Platters" are false and misleading, deceive or have the capacity to deceive consumers, and have a material effect on consumer purchasing choices, causing harm to the Plaintiff.

13. Plaintiff repeatedly sought to have Defendants voluntarily cease their infringing activity, to no avail. Defendants willfully infringed Plaintiff's marks, and continued to do so after this Court's entry of temporary and preliminary injunctions.

14. As a result of Defendants' conduct, Plaintiff is currently suffering and will suffer irreparable injury to its reputation and goodwill unless it is granted injunctive relief; Plaintiff's injury outweighs any harm which granting injunctive relief might cause the Defendants; Defendants' willful and continuing infringement further weighs in favor of issuing a permanent injunction; and the public interest is served by issuing a permanent injunction.

THEREFORE, IT IS HEREBY ORDERED THAT a permanent injunction shall be entered against the Defendants, their agents, servants, employees, successors, assigns, affiliates, joint venturers, and any and all other persons in active concert, in privity, or in participation with them are permanently enjoined as follows:

    1. Defendants are enjoined from use of the mark THE PLATTERS in connection with any vocal group or other musical services (including, but not limited to, live performances, sound recordings, photographs, or video recordings), and any equivalent or phonetically similar names or marks without Plaintiff's written permission, except that they may use the names "A Tribute to The Platters" or "A Salute to The Platters" with all words in substantially equal font size.

    2. Defendants are enjoined from using the mark THE PLATTERS in connection with a vocal group in any advertisements, promotional, marketing, or other materials, except as qualified under Paragraph A.

    3. Defendants must clarify in any advertising, promotional, marketing

or other materials that they are unaffiliated with the Rock & Roll Hall of Fame group "The Platters."

IT IS FURTHER ORDERED THAT pursuant to Fed. R. Civ. P 55(b)(2), for a period of up to 90 days, Plaintiff may take discovery related to Defendants' financial information, including financial records and contracts relating to their use of The Platters Marks, and any other information necessary to determine Defendants' profits and Plaintiff's damages. If necessary, and for good cause, Plaintiff may apply to the Court for additional time to complete such discovery. Upon completion of discovery, Plaintiff may submit further pleadings and evidence regarding its entitlement to damages.

Upon completion of this action, and after judgment has been entered with respect to damages, Plaintiff may file a separate motion or petition for costs and attorney's fees pursuant to Local Rule 4.18. Accordingly, it is

**ORDERED** that the motion for default judgment (Doc. 47) be **granted** and judgment is entered for the Plaintiff and against the Defendants, The World Famous Platters Road Shows I LLC, Eddie Stovall, Lawrence Lockard, J.T. Marshall, and Andre Shepard, and their agents, servants, employees, successors, assigns, affiliates, joint venturers, and any and all other persons in active concert, in privity, or in participation with as follows:

1. Defendants are enjoined from use of the mark THE PLATTERS in connection with any vocal group or other musical services (including, but not limited to, live performances, sound recordings, photographs, or video recordings), and any equivalent or phonetically similar names or marks without Plaintiff's written permission, except that they may use the names "A Tribute to The Platters" or "A Salute to The Platters" with all words in substantially equal font size.

2. Defendants are enjoined from using the mark THE PLATTERS in connection with a vocal group in any advertisements, promotional, marketing, or other materials, except as qualified under Paragraph A.

      3. Defendants must clarify in any advertising, promotional, marketing or other materials that they are unaffiliated with the Rock & Roll Hall of Fame group "The Platters."

      **DONE and ORDERED** in Chambers, in Tampa, Florida, this 30th day of April, 2014.

_____
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE